UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE SWANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00199-JPH-MJD ) |
| C. COAKLEY, et al. | ) ) |
| Defendants. | ) |

**Order Granting Motion to File Amended Complaint
Screening Amended Complaint,
Dismissing Deficient Claim,
and Ordering Defendants to Answer**

**I.**

Mr. Swann's motion to file an amended complaint, dkt. [22], is **granted** to the extent that the amended complaint was filed within the deadline set by the pre-trial scheduling order. The **clerk is directed to docket the amended complaint**, currently dkt. [22-1], as the docket entry immediately following this Order.

**II.**

Mr. Swann, an inmate at the Wabash Valley Correctional Facility, brings this lawsuit under 42 U.S.C. § 1983 alleging that prison staff retaliated against him for exercising his First Amendment rights, violated his right to Equal Protection on the basis of race, and committed libel under Indiana state tort law. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants. This amended complaint will completely replace the original complaint filed on April 26, 2019. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017)

("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

## A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## B. Discussion

The amended complaint is identical to the original complaint in nearly every respect except that it narrows Mr. Swann's Indiana tort claim from "defamation of character" to "libel defamation." Dkt. 22-1, p. 2. The amended complaint also requests a "total sum of $150,000" in damages. *Id.* at 5. Like the original complaint, the amended complaint names as defendants Counselor C. Coakley, Ms. Reeves, and Deputy Warden Kevin Gilmore.

On February 19, 2019, Mr. Swann was hired by Coakley to serve as a wheel chair pusher for inmate Brian Griggs. His housing was reclassified in order to place him in Griggs' cell, even though wheel chair pushers are not required to live with the inmates they are hired to assist. Griggs' medical condition made it difficult for him to shower and use the bathroom, which created an unpleasant odor in the cell.

The tasks Mr. Swann performed for Griggs went beyond the requirements of a wheelchair pusher. Mr. Swann had to clean the floors, walls, and toilet area without gloves or sanitation chemicals. He made Griggs' bed, prepared his meals, wrote his letters, and helped him use the

bathroom. Griggs told Mr. Swann that he should be a porter, rather than a wheelchair pusher, because that is what his doctor had ordered. Griggs brought this issue to the attention of a nurse, who promised to email Coakley about reassigning Mr. Swann to the job of porter.

To address the discrepancy between his job classification and the work he performed for Griggs, Mr. Swann filed an informal grievance. He complained that "he was having to clean up . . . urine, make [Griggs'] bed, write his letters etc." Reeves responded to this grievance and told Mr. Swann that she told him he would have to clean when he accepted the job as a wheelchair pusher. She also told him that he did not have to write Griggs letters for him if he did not want to.

After his informal grievance was rejected, Mr. Swann filed a formal grievance. He complained that he was being paid as a wheelchair pusher but was effectively performing the job of a porter. He requested that he be given a porter's pay or be transferred to another cell so he would not have to perform a porter's duties.

One day after leaving the chow hall, Mr. Swann spoke to Coakley in the day room. When he mentioned the nurse's email and inquired about becoming a porter, she became agitated and rude. She told him he would never become a porter and that the only job he was qualified for was wheelchair pusher. If he brought it up again, she warned, she would make him "idle no pay." Mr. Swann told Coakley he was not intimidated by her threats and that he planned to take up the issue with her supervisor.

On February 26, 2019, Coakley submitted a Report of Classification Hearing, in which she requested that Mr. Swann be reclassified as "idle no pay." Her request was denied based on insufficient information, and Mr. Swann remained in his current position. Coakley later submitted an Offender Evaluation and Performance Report, in which she characterized Mr. Swann as resentful, inattentive, volatile, sloppy, lazy, minimally interested in the program, and having

minimal initiative. She also wrote a narrative in the report that alleged Mr. Swann had been argumentative and loud when he asked to be reassigned to the role of porter, and that he told Coakley he did not care if she reclassified him as "idle no pay." This report led to Mr. Swann's termination as a wheelchair pusher.

After his termination, Mr. Swann learned that white prisoners had been hired as porters even though they only met the qualifications of wheelchair pushers. Mr. Swann is African American.

Based on the screening standard set forth above, the following claims **shall proceed**: Mr. Swann's First Amendment retaliation claims shall proceed against Coakley and Reeves. His equal protection claim alleging discrimination on the basis of race shall proceed against Coakley and Reeves under the Fourteenth Amendment. His claim that Counselors Coakley and Reeves committed libel defamation shall proceed under Indiana state tort law.

Any claim against Gilmore is **dismissed** because Mr. Swann does not allege any facts against Gilmore in his complaint. He therefore has not alleged that Gilmore was personally involved in the acts at issue. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.").

**III.**

Defendants Coakley and Reeves have appeared in this action. They shall have through **January 13, 2020**, to respond to the amended complaint.

**SO ORDERED**.

Date: 12/20/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE SWANN
956680
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov