UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00199-JPH-MJD |
| | ) | |
| C. COAKLEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Plaintiff Terrance Swann has moved for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases.

*McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Swann states that he has contacted approximately 10 law firms with requests for pro bono representation without success. The Court finds that he has made a reasonable attempt to obtain counsel on his own before seeking the Court's assistance.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655). Mr. Swann states that he has a 9th grade education, struggles with attention deficit disorder and compulsive disorder, and has a limited ability to read and focus. Dkt. 49, pp. 2-3. He argues that the defendants' failure to comply with his discovery requests warrants the appointment of pro bono counsel. *Id.* at 3.

At this stage of the litigation, Mr. Swann appears competent to litigate this case without recruited counsel. Despite his learning disabilities, Mr. Swann successfully pleaded his case and prevailed on a motion to proceed *in forma pauperis*. Dkt. 4, 26. Regarding his discovery disputes

with opposing counsel, the Court notes that Mr. Swann recently prevailed on a motion to compel and on a motion for *in camera* inspection. *See* dkts. 48, 63, 64.

Although Mr. Swann would likely benefit from the appointment of recruited counsel, he has not demonstrated a need for counsel that exceeds the needs of the typical pro se litigant. His motions to appoint counsel, dkt. [47] and [49], are **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED**.

Date: 9/28/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov